**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RIVER NORTH FURR'S, LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | Civil Action No. 5:19-cv-00757-OLG |
| | § | |
| **FMP SA MANAGEMENT GROUP, LLC,** | § | |
| **LARRY HARRIS, JASON KEMP,** | § | |
| **ALLEN JONES and BRIAN PADILLA,** | § | |
| | § | |
| **Defendants** | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW Defendants FMP SA Management Group, LLC ("FMP"), Larry Harris ("Harris"), Jason Kemp ("Kemp"), Allen Jones ("Jones"), and Brian Padilla ("Padilla") (Harris, Kemp, Jones and Padilla together "Individual Defendants") (FMP and Individual Defendants together "Defendants") respond to the Complaint filed by Plaintiff River North Furr's, LLC ("Plaintiff"):

Without admitting they carry the burden of proof as to the issues raised, Defendants answer each allegation and asserts separate and distinct affirmative defenses.

## I.    INTRODUCTION

1. Defendants state the allegations in Paragraph 1 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit that Plaintiff contributed $1,750,000 to Alamo Furr's, LLC ("Alamo") pursuant to the Amended and Restated Limited Liability Company Agreement of Alamo Furr's, LLC ("Alamo Company Agreement")

attached to Plaintiff's Complaint as Exhibit 1. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

2.      Defendants state the allegations in Paragraph 2 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit that FMP did enter into the Assignment and Assumption Agreement with Novation ("Assumption Agreement") on November 30, 2015, attached to Plaintiff's Complaint as Exhibit 2. Defendants deny the Individual Defendants made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that they had authority to make any such representations. Defendants deny the Individual Defendants made any modifications to the Alamo Company Agreement or the Assumption Agreement or that they had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

3.      Answering Paragraph 3 of the Complaint, Defendants admit that BIII Wing, LLC ("BIII) executed a Guaranty as Guarantor dated June 20, 2014, and FMP entered into the Assumption Agreement on November 30, 2015. Defendants deny the Individual Defendants made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that they had authority make any such representations. Defendants deny the Individual Defendants made any modifications to the Alamo Company Agreement or the Assumption Agreement or that they had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

4.      Answering Paragraph 4 of the Complaint, Defendants deny, generally and specifically, every allegation in this Paragraph.

5.     Defendants state the allegations in Paragraph 5 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants deny, generally and specifically, every allegation in this Paragraph.

## II.      THE PARTIES

6.     Defendants state the allegations in Paragraph 6 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's members, and on such basis, Defendants deny those allegations. Defendants deny, generally, and specifically, every allegation in this Paragraph.

7.     Answering Paragraph 7 of the Complaint, Defendants admit that FMP is a Texas Corporation headquartered in Hollywood Park, Texas. Defendants admit that the Individual Defendants are members of FMP and citizens of the State of Texas.

8.     Answering Paragraph 8 of the Complaint, Defendants admit Harris is a citizen of the State of Texas and lives in Texas.

9.     Answering Paragraph 9 of the Complaint, Defendants admit Kemp is a citizen of the State of Texas and lives in Texas.

10.     Answering Paragraph 10 of the Complaint, Defendants admit Jones is a citizen of the State of Texas and lives in Texas.

11.     Answering Paragraph 11 of the Complaint, Defendants admit Padilla is a citizen of the State of Texas and lives in Texas.

/ / /

/ / /

### III.         JURISDICTION AND VENUE

12.     Defendants state the allegations in Paragraph 12 of the Complaint constitute legal conclusions, purported statements of the law rather than factual allegations, or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit that the Court has diversity jurisdiction over the subject matter of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's residency, and therefore deny same. Defendants further deny Plaintiff has any viable claims. It does not. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

13.     Defendants state the allegations in Paragraph 13 of the Complaint constitute legal conclusions, purported statements of the law rather than factual allegations, or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit that at the time of this response, venue is proper in this District. Defendants further deny Plaintiff has any viable claims. It does not. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

### IV.         ANSWER TO FACTUAL ALLEGATIONS

14.     Answering Paragraph 14 of the Complaint, Defendants admit the Individual Defendants have experience working in the food service business and are members of FMP. Defendants state the remaining allegations in this Paragraph constitute legal conclusions and/or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

15.     Defendants state the allegations in Paragraph 13 of the Complaint constitute legal conclusions, purported statements of the law rather than factual allegations, or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is

required, Defendants admit the Individual Defendants have experience working in the food service business and are members of FMP. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

16.     Defendants state the allegations in Paragraph 16 of the Complaint constitute legal conclusions or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit Kemp and Madlinger discussed an investment in the entity that would become Alamo. Defendants further admit Alamo is a holding company for Furr's Fresh Buffet restaurants. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

17.     Defendants state the allegations in Paragraph 17 of the Complaint constitute legal conclusions, purported statements of the law rather than factual allegations, or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit Kemp and Madlinger discussed an investment in the entity that would become Alamo. Defendants deny Kemp made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority make any such representations. Defendants deny Kemp made any modifications to the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

18.     Defendants state the allegations in Paragraph 18 of the Complaint constitute legal conclusions or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit Kemp and Steve Madlinger discussed investing in Alamo. Defendants deny Kemp made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority make any such representations. Defendants deny Kemp made any modifications to the Alamo Company

Agreement or the Assumption Agreement or that Kemp had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

19.     Defendants state the allegations in Paragraph 19 of the Complaint constitute legal conclusions or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit Jones, Kemp, and Harris are managers of BIII. Defendants deny Kemp or the other Individual Defendants made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that they had authority make any such representations. Defendants deny Kemp or the other Individual Defendants made any modifications to the Alamo Company Agreement or the Assumption Agreement or that they had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

20.     Defendants state the allegations in Paragraph 20 of the Complaint constitute legal conclusions or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit that Plaintiff made a cash investment of $1,750,000.00 pursuant to the Alamo Company Agreement. Defendants further admit that the Individual Defendants each made a cash investment of $50,000.00 pursuant to the Alamo Company Agreement. Defendants deny the Individual Defendants made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that they had authority make any such representations. Defendants deny the Individual Defendants made any modifications to the Alamo Company Agreement or the Assumption Agreement or that they had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption

Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

21.     Answering Paragraph 21 of the Complaint, Defendants admit that the Individual Defendants and Plaintiff did execute the Alamo Company Agreement and it includes Section 3.4. Defendants deny Kemp made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority make any such representations. Defendants deny Kemp made any modifications to the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

22.     Answering Paragraph 22 of the Complaint, Defendants admit that the Alamo Company Agreement includes Article I and Section 5.3. Defendants further admit that Plaintiff did receive 1,750,000 "Series A" units of ownership in Alamo pursuant to the Alamo Company Agreement. Defendants further admit that the Individual Defendants received 50,000 "Series A" units of ownership and 1,700,000 "Series B" units of ownership in Alamo pursuant to the Alamo Company Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

23.     Answering Paragraph 23 of the Complaint, Defendants state the allegations in Paragraph 3 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit that the Alamo Company Agreement includes Sections 3.14 and 5.16(c). Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

24.     Answering Paragraph 24 of the Complaint, Defendants state the allegations in Paragraph 24 of the Complaint constitute legal conclusions rather than factual allegations or consist of

Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit that the Alamo Company Agreement includes Exhibit B. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

25.     Answering Paragraph 25 of the Complaint, Defendants state the allegations in this Paragraph constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. Defendants deny the Individual Defendants made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that they had authority make any such representations. Defendants deny the Individual Defendants made any modifications to the Alamo Company Agreement or the Assumption Agreement or that they had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

26.     Defendants state the allegations in Paragraph 26 of the Complaint constitute legal conclusions rather than factual allegations and, therefore, do not require a response. If a response is required, Defendants deny Kemp made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority make any such representations. Defendants deny Kemp made any modifications to the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

27.     Defendants state the allegations in Paragraph 27 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants deny

they violated the Alamo Company Agreement or the Assumption Agreement. Defendants further deny the Individual Defendants made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that they had authority make any such representations. Defendants deny the Individual Defendants made any modifications to the Alamo Company Agreement or the Assumption Agreement or that they had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

28.     Answering Paragraph 28 of the Complaint, Defendants deny, generally and specifically, every allegation in this Paragraph.

29.     Answering Paragraph 29 of the Complaint, Defendants admit that Madlinger and Donbavand did communicate regarding BIII. Defendants deny Donbavand made any false representation. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

30.     Defendants state the allegations in Paragraph 30 of the Complaint constitute legal conclusions rather than factual allegations and, therefore, do not require a response. If a response is required, Defendants admit that Madlinger did inquire and received information about FMP. Defendants deny that the Individual Defendants made any false representations about FMP. Defendants further deny the Individual Defendants made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that they had authority make any such representations. Defendants deny the Individual Defendants made any modifications to the Alamo Company Agreement or the Assumption Agreement or that they had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

31.     Defendants state the allegations in Paragraph 31 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants admit they entered into the Assumption Agreement with Plaintiff, attached as Exhibit 2 to the Complaint. Defendants deny the Individual Defendants made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that they had authority make any such representations. Defendants deny the Individual Defendants made any modifications to the Alamo Company Agreement or the Assumption Agreement or that they had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

32.     Answering Paragraph 32 of the Complaint, Defendants deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every allegation in this Paragraph.

33.     Defendants state the allegations in Paragraph 33 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

34.     Defendants state the allegations in Paragraph 34 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants deny Donbavand, Kemp, or the other Individual Defendants made any false representations to Plaintiff. Defendants further deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

35.     Defendants state the allegations in Paragraph 35 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

36.     Defendants state the allegations in Paragraph 36 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants admit Madlinger and Kemp communicated about Plaintiff's investment in Alamo. Defendants deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants further deny Kemp made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority make any such representations. Defendants deny Kemp made any modifications to the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

37.     Defendants state the allegations in Paragraph 37 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants admit Melshenker and Kemp communicated about Plaintiff's investment in Alamo. Defendants deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants further deny Kemp made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority make any such representations. Defendants deny Kemp made any modifications to the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the

Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

38.    Defendants state the allegations in Paragraph 38 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants admit Melshenker and Kemp communicated about Plaintiff's investment in Alamo. Defendants deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants further deny Kemp made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority make any such representations. Defendants deny Kemp made any modifications to the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

39.    Defendants state the allegations in Paragraph 39 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants admit Madlinger and Kemp communicated about Plaintiff's investment in Alamo. Defendants deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants further deny Kemp made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority make any such representations. Defendants deny Kemp made any modifications to the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

40.     Defendants state the allegations in Paragraph 40 of the Complaint consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants admit Madlinger and Kemp communicated about Plaintiff's investment in Alamo. Defendants deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

41.     Answering Paragraph 41 of the Complaint, Defendants admit Madlinger and Kemp communicated about Plaintiff's investment in Alamo. Defendants deny Kemp promised to "write [Plaintiff] a check." Defendants further deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants deny Kemp made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority make any such representations. Defendants deny Kemp made any modifications to the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

42.     Answering Paragraph 42 of the Complaint, Defendants deny Kemp made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority make any such representations. Defendants deny Kemp made any modifications to the Alamo Company Agreement or the Assumption Agreement or that Kemp had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

43. Answering Paragraph 43 of the Complaint, Defendants admit Madlinger and Kemp communicated about Plaintiff's investment in Alamo. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

44. Defendants state the allegations in Paragraph 44 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants admit that Alamo sent a capital call to Plaintiff in or around May 2019.  Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

45. Defendants state the allegations in Paragraph 45 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants admit that Alamo sent a capital call to Plaintiff in or around May 2019. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

46. Defendants state the allegations in Paragraph 46 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants admit that Alamo sent a capital call to Plaintiff in or around May 2019. Defendants admit Plaintiff refused to comply with the capital call. Defendants deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

47. Defendants state the allegations in Paragraph 47 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint or beliefs, and, therefore, do not require a response. If a response is required, Defendants admit that Alamo sent a capital call to Plaintiff in or around May 2019. Defendants admit Plaintiff refused to comply with the capital call. Defendants deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

48.      Answering Paragraph 48 of the Complaint, Defendants admit they communicated with Plaintiff regarding its investment in Alamo. Defendants deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants further deny they made any representations inconsistent with the Alamo Company Agreement or the Assumption Agreement or that they had authority make any such representations. Defendants deny they made any modifications to the Alamo Company Agreement or the Assumption Agreement or that they had authority to make such modifications. Defendants further deny Plaintiff could reasonably rely on any alleged representations/modifications that conflict with the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

49.      Defendants state the allegations in Paragraph 49 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants deny they violated the Alamo Company Agreement or the Assumption Agreement. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

## V.       CAUSES OF ACTION

### Count I: Breach of Guaranty – Against FMP

50.      Answering Paragraph 50 of the Complaint, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein.

51.      Defendants state the allegations in Paragraph 51 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

52.     Answering Paragraph 52 of the Complaint, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

53.     Defendants state the allegations in Paragraph 53 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

54.     Defendants state the allegations in Paragraph 54 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

55.     Defendants state the allegations in Paragraph 55 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

56.     Defendants state the allegations in Paragraph 56 of the Complaint constitute legal conclusions and/or purported states of the law rather than factual allegations or consist of Plaintiff's characterization of its own Complaint, and, therefore, do not require a response. If a response is required, Defendants deny Plaintiff has viable claims and deny Plaintiff is entitled to damages. Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

**Count II: Statutory Fraud Pursuant to Texas Business and Commerce Code § 27.01 – Against Individual Defendants**

57.     Answering Paragraph 57 of the Complaint, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein.

58.     Defendants state the allegations in Paragraph 58 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit the legal authority cited by Plaintiff speaks for itself. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

59.     Defendants state the allegations in Paragraph 59 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit the legal authority cited by Plaintiff speaks for itself. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

60.     Defendants state the allegations in Paragraph 60 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants admit the legal authority cited by Plaintiff speaks for itself. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

61.     Defendants state the allegations in Paragraph 61 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

62.     Defendants state the allegations in Paragraph 62 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate

and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

63.     Defendants state the allegations in Paragraph 63 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

64.     Defendants state the allegations in Paragraph 64 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

65.     Defendants state the allegations in Paragraph 65 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

66.     Answering Paragraph 66, Defendants admit Plaintiff seeks relief in the form of damages, interest, fees, and costs. Defendants deny that Plaintiff is entitled to the relief sought. Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

**Count III: Constructive Trust- Against Individual Defendants**

67.     Answering Paragraph 67 of the Complaint, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein.

68.     Defendants state the allegations in Paragraph 68 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

69.     Defendants state the allegations in Paragraph 69 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

70.     Defendants state the allegations in Paragraph 70 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

71.     Defendants state the allegations in Paragraph 71 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

72.     Answering Paragraph 72, Defendants admit that Plaintiff seeks relief in the form of imposing a constructive trust. Defendants deny that Plaintiff is entitled to the relief sought. Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

**Count IV: Civil Conspiracy – Against Individual Defendants**

73.     Answering Paragraph 73 of the Complaint, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein.

74.     Answering Paragraph 74, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

75.     Answering Paragraph 75, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

76.     Answering Paragraph 76, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

77.     Answering Paragraph 77, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

78.     Answering Paragraph 78, Defendants admit that Plaintiff seeks relief in the form of damages. Defendants deny that Plaintiff is entitled to the relief sought. Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

**Count V: Fraudulent Inducement – Against All Defendants**

79.     Answering Paragraph 79 of the Complaint, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein.

80.     Answering Paragraph 80, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

81.     Answering Paragraph 81, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

82.     Answering Paragraph 82, Defendants admit that Plaintiff seeks relief in the form of damages. Defendants deny that Plaintiff is entitled to the relief sought. Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

## VI.      <u>CONDITIONS PRECEDENT</u>

83.     Answering Paragraph 83 of the Complaint, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein.

84.     Defendants state the allegations in Paragraph 84 of the Complaint constitute legal conclusions rather than factual allegations or consist of Plaintiff's characterization of their own Complaint, and, therefore, do not require a response. If a response is required, Defendants restate and incorporate by reference its answer to Paragraphs 1 through 49, as if fully set forth herein. Defendants deny, generally and specifically, every remaining allegation in this Paragraph.

## VII.      <u>JURY DEMAND</u>

85.     Answering Paragraph 85 to the Complaint, Defendants admit that Plaintiff has requested a jury trial. Defendants deny, generally and specifically, every allegation in this Paragraph.

## VIII.      <u>PRAYER FOR RELIEF</u>

<u>Answer To Plaintiff's Prayer for Relief:</u>  Defendants deny that Plaintiff is entitled to any of the relief Plaintiff claims in the prayer for relief in the Complaint.

## IX.      <u>GENERAL DENIAL</u>

All other allegations not specifically admitted are herein denied.

## X.   <u>AFFIRMATIVE DEFENSES</u>

Admitting no facts alleged by Plaintiff, Defendants also plead these separate defenses to the Complaint**.**

### FIRST DEFENSE

1.      The Complaint, and each of its causes of action, fails to state facts sufficient to constitute any cause of action against Defendants upon which relief can be granted.

### SECOND DEFENSE

2.      The Complaint, and each of its causes of action, is barred in whole or in part by the applicable statute of limitations.

### THIRD DEFENSE

3.      The Complaint, and each of its causes of action, is barred by the doctrine of *res judicata* and collateral estoppel.

### FOURTH DEFENSE

4.      The Complaint, and each of its causes of action, is barred in whole or in part because Plaintiff has waived or released the right, if any, to pursue the Complaint, and each of its causes of action, by reason of its own actions and course of conduct.

### FIFTH DEFENSE

5.      The Complaint, and each of its causes of action, is barred in whole or in part because Plaintiff is estopped from pursuing the Complaint, and each of its causes of action, by reason of its own actions and course of conduct.

### SIXTH DEFENSE

6.      The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of laches.

### SEVENTH DEFENSE

7.      The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of unclean hands.

**EIGHTH DEFENSE**

8.      The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of avoidable consequences.

**NINTH DEFENSE**

9.      The Complaint, and each of its causes of action, is barred in whole or in part, because at all times, Defendants acted in good faith.

**TENTH DEFENSE**

10.     The Complaint, and each of its causes of action, is barred in whole or in part because any loss, injury, damage, or detriment alleged resulted from the acts or omissions of Plaintiff.

**ELEVENTH DEFENSE**

11.      The Complaint is barred, in whole or in part, because, any contract or agreement alleged by Plaintiff is unenforceable as it has not been reduced to writing.

**TWELFTH DEFENSE**

12.     The Complaint is barred, in whole or in part, because, Plaintiff does not have the requisite capacity or standing.

**THIRTEENTH DEFENSE**

13.     The Complaint is barred, in whole or in part, because, Defendants' conduct was legally justified.

**FOURTEENTH DEFENSE**

14.     Defendants assert that to the extent any alleged contract(s) existed as provided in the Complaint, Defendants performed all duties and obligations owed under the alleged contract(s) other than duties prevented or excused, and, therefore, breached no agreement.

**FIFTEENTH DEFENSE**

15.     Defendants assert that to the extent any alleged contract(s) existed as provided in the Complaint, the alleged contract(s) or agreement(s) required Plaintiff to provide notice of any breach. No notice was provided.

## SIXTEENTH DEFENSE

16.    The Complaint, and every cause of action therein, is barred because the Plaintiff's alleged contract(s) was not properly formed.

## SEVENTEENTH DEFENSE

17.    Defendants assert that to the extent any alleged contract(s) existed as provided in the Complaint, Plaintiff's claims fail because Plaintiff failed to complete the condition precedent required by the alleged contract(s).

## EIGHTEENTH DEFENSE

18.    Plaintiff's claims are barred because Defendants substantially complied with any alleged contract(s) so that any judgment sought by Plaintiff would be unjust and unfair.

## NINETEENTH DEFENSE

19.    Defendants allege that to the extent any contract(s) existed, Defendants have been excused of any duty it may have had to perform under any obligation set forth in any agreement with Plaintiff.

## TWENTIETH DEFENSE

20.    Defendants allege that Plaintiff has not fully and fairly performed all necessary conditions under Plaintiff's alleged contract(s).

## TWENTY-FIRST DEFENSE

21.    Plaintiff's claims against Defendants are barred to the extent that the incident(s) alleged in the Complaint, and the injuries, losses and damages allegedly sustained by Plaintiff, were proximately caused by intervening and superseding forces beyond the control of the Defendants and that, in exercising reasonable prudence, were not and could not be anticipated by the Defendants. Therefore, Plaintiff's damages, if any, are unrelated to any conduct on the part of Defendants and the Court must reduce or deny any judgment rendered against Defendants accordingly.

**TWENTY-SECOND DEFENSE**

22.     The Complaint is barred, in whole or in part, because Defendants' acts and/or practices were done in accordance with all applicable laws, rules, and regulations to which it was subject to comply, and thus cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

**TWENTY-THIRD DEFENSE**

23.     Some or all of the Plaintiff's claims for damages alleged in the Complaint are barred in that all decisions and actions of Defendants regarding the subject matter of this lawsuit were undertaken in good faith, absent malicious intent, and constituted a lawful, proper and justified means to further their legitimate economic interests.

**TWENTY-FOURTH DEFENSE**

24.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's reliance on any representation, if any, was not reasonable under the circumstances.

**TWENTY-FIFTH DEFENSE**

25.     Plaintiff's claims are barred, in whole or in part, because Defendants did not know that any alleged representation(s) was (were) false when made.

**TWENTY-SIXTH DEFENSE**

26.     Plaintiff's claims are barred, in whole or in part, because Defendants made no allegedly false representation recklessly and without regard for its truth.

**TWENTY-SEVENTH DEFENSE**

27.     Plaintiff's claims are barred, in whole or in part, because representations made by Defendants, if any, were mere "puffing," opinion, sales talk, and/or predictions of future events, which are not actionable.

### TWENTY-EIGHTH DEFENSE

28.     Plaintiff's claims are barred, in whole or in part, because Defendants had reasonable grounds to believe that representations they made, if any, were true when made.

### TWENTY-NINTH DEFENSE

29.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's reliance, if any, on Defendants' representations they made, if any, were not a substantial factor in causing Plaintiff's harm, if any.

### THIRTIETH DEFENSE

30.     Plaintiff's claims are barred, in whole or in part, because Defendants' representations they made, if any, were not made with the intention that Plaintiff rely on them.

### THIRTY-FIRST DEFENSE

31.     Plaintiff's claims for damages are barred because such damages, if any, were not the result of acts, representations, or omissions of Defendants.

### THIRTY-SECOND DEFENSE

32.     The Complaint is barred because any damages or injuries that Plaintiff allegedly suffered were the direct and proximate result of its own conduct, actions or negligence and not because of any unlawful conduct or actions by Defendants.

### THIRTY-THIRD DEFENSE

33.     The Complaint is barred because any damages allegedly suffered by Plaintiff were directly and proximately caused by and/or contributed to by Plaintiff's failure to exercise due care.

### THIRTY-FOURTH DEFENSE

34.     The Complaint is barred because any damages allegedly suffered by Plaintiff were directly and proximately caused by and/or contributed to by its own actions, or the actions of other persons or entities, and, therefore, any recovery by Plaintiff against Defendants should be diminished and reduced in accordance with the principles of comparative fault.

## THIRTY-FIFTH DEFENSE

35.     Plaintiff's losses, if any, are speculative and uncertain or both, and therefore not compensable.

## THIRTY-SIXTH DEFENSE

36.     The liability of Defendants and all responsible parties named or unnamed, if any, for any injury, damage, or loss sustained by Plaintiff should be apportioned according to their respective degree of fault, and the liability, if any, to the Defendants should be reduced accordingly.

## THIRTY-SEVENTH DEFENSE

37.     Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages are too vague, uncertain and speculative to permit recovery.

## THIRTY-EIGHTH DEFENSE

38.     The Complaint, and each of its causes of action, is barred in whole or in part because any recovery from Defendants would result in Plaintiff's unjust enrichment.

## THIRTY-NINTH DEFENSE

39.     If Plaintiff owes money to Defendants, Defendants are entitled to offset, setoff, or recoup such amounts against any damages awarded.

## FORTIETH DEFENSE

40.     The Complaint, and each of its causes of action, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

## FORTY-FIRST DEFENSE

41.     To the extent there was a mutual mistake made by the Parties, the Plaintiff's claims are barred in whole, or in part.

## FORTY-SECOND DEFENSE

42.     Certain equitable claims by the Plaintiff are barred in whole, or in part, if a contract exists.

### FORTY-THIRD DEFENSE

43.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord, satisfaction, and release.

### FORTY-FOURTH DEFENSE

44.     To the extent Plaintiff's claims are barred by failure of consideration, such claims are barred in whole or in part.

### FORTY-FIFTH DEFENSE

45.     Defendants allege that to the extent any contract(s) existed between the Parties, circumstances made it impossible and/or impractical to comply with the alleged contract(s).

### FORTY-SIXTH DEFENSE

46.     Plaintiff has failed to plead any alleged misrepresentation(s) with the requisite particularity.

### FORTY-SEVENTH  DEFENSE

47.     Plaintiff's claims are barred by the parole evidence rule.

### FORTY-EIGHTH DEFENSE

48.     Plaintiff's contractual claims are barred by the Statute of Frauds.

### FORTY-NINTH DEFENSE

49.     Plaintiff's contractual claims are barred by lack of mutual obligation.

### FIFTIETH DEFENSE

50.     The Complaint, and each of its causes of action, is barred, in whole or in part, to the extent that it was brought by Plaintiff in bad faith and is frivolous, and by reason of the conduct stated herein, Defendants are entitled to, and will seek, reasonable expenses, including attorneys' fees, incurred in defending this action.

### FIFTY-FIRST DEFENSE

51.     The Complaint fails to state a valid claim for attorneys' fees against Defendants.

## FIFTY-SECOND DEFENSE

52.     The Complaint is barred, in whole or in part, because Defendants complied with all applicable local, state, and federal laws at all relevant times herein.

## FIFTY-THIRD DEFENSE

53.     Defendants allege the Complaint and each purported individual cause of action therein are barred, in whole or in part, to the extent Plaintiff did not rely to its detriment on any representations purportedly made by Defendants.

## FIFTY-FOURTH DEFENSE

54.     Defendants allege the Complaint and each purported individual cause of action therein are barred, in whole or in part, because Defendants did not intentionally conceal information or engage in intentional or negligent acts of fraud and/or deceit.

## FIFTY-FIFTH DEFENSE

55.     Plaintiff, through its conduct, approved, authorized, acquiesced, consented to, caused, or ratified the conduct alleged in the Complaint, to the extent it occurred.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert any additional defenses and matters in avoidance that may be disclosed during additional investigation and discovery, when and if the same have been ascertained. The pleading of a defense as an affirmative defense is not an admission or acknowledgement that Defendants bear the burden of proof on such defense, or waiver of any argument that Plaintiff bear such burden.

## PRAYER

WHEREFORE, this answering Defendants requests:

1.     That Plaintiff takes nothing by their Complaint;

2.     That the Complaint herein be dismissed in its entirety with prejudice;

3.     That Defendants recover their costs of suit herein, including their reasonable attorneys' fees; and

4.     That the court award such other and further relief as it deems appropriate.

## JURY DEMAND

Defendants demand a trial by jury on all issues triable to a jury.

Respectfully submitted,

OGLETREE, DEAKINS
NASH, SMOAK & STEWART, P.C.

By:*/s/ Tim L. Johnson*
    Spencer C. Skeen
    CA State Bar No. 182216
    *Admitted pro hac vice*
    Spencer.skeen@ogletree.com
    Tim L. Johnson
    CA State Bar No. 265794
    *Admitted pro hac vice*
    Tim.johnson@ogletree.com
    4370 La Jolla Village Drive, Suite 990
    San Diego, California 92122
    (858) 652-3102

    Elizabeth Darby Adamek
    TX Bar No. 24097569
    Beth.Adamek@ogletree.com
    301 Congress Avenue, Suite 1150
    Austin, Texas 78701
    (512) 344-4700 (Telephone)
    (512) 344-4701 (Facsimile)

    ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system and served on all attorneys and/or parties of record via the CM/ECF service on this 27th day of January, 2020.

*/s/ Tim L. Johnson*
Tim L. Johnson

41587880.1